1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 11 | WWE STUDIOS FINANCE CORP., )<br>                                               )<br>                    Plaintiff(s),      )<br>                                               )<br> vs.                                          )<br>                                               )<br> JOHN AND JANE DOES,             )<br>                                               )<br>                    Defendant(s).     )<br> _____ ) | Case No. 2:17-cv-00897-MMD-NJK<br><br>**ORDER GRANTING MOTION FOR DISCOVERY**<br><br>(Docket No. 7) |

16      Pending before the Court is Plaintiff's renewed motion for leave to take limited discovery.  Docket

17  No. 7.  In particular, Plaintiff submits that it is suing each of the Defendants for using the Internet to

18  commit direct and contributory copyright infringement and, since the alleged infringement occurred over

19  the Internet, Plaintiff knows the Defendants only by their Internet Protocol ("IP") addresses.  *Id*. at 3.

20  Plaintiff therefore seeks an order allowing it to subpoena the Defendants' Internet Service Provider(s)

21  ("ISP") for the true name, address, telephone number, e-mail address, and Media Access Control address

22  of each Defendant in order to identify him or her.  *Id*. at 6.

23      The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of

24  a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown

25  defendant, unless it is clear that discovery would not uncover the identities of the defendants, or that the

26  complaint would be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th

27  Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

28

1    Accordingly, for good cause shown, the Court **GRANTS** Plaintiff's motion.  Docket No. 7.

2  Plaintiff may serve Rule 45 subpoenas upon the ISPs and any related intermediary ISPs that own the IP

3  addresses at issue in the instant case.  These subpoenas will demand solely the true name, address,

4  telephone number, e-mail address, and Media Access Control address for the account holder to whom the

5  relevant IP addresses were assigned at the date(s) and time(s) that the alleged infringement activity

6  occurred.  Plaintiff will use the information it obtains from the ISPs in response to these subpoenas solely

7  to prosecute the claims it has made in the instant case.  Plaintiff will have until May 18, 2017, to discover

8  the actual names of the Defendants through discovery, and to file a request to amend the complaint to

9  provide the actual names of the Defendants.

10    IT IS SO ORDERED

11    Dated: April 3, 2017

12

13    _____
      NANCY J. KOPPE
      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28